1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                      * * *
                                          )
9    TAMMY VO,                            )
                                          )
10              Plaintiff,                )          3:09-cv-0654-LRH-VPC
                                          )
11   v.                                   )
                                          )          ORDER
12   AMERICAN BROKERS CONDUIT; et al.,    )
                                          )
13              Defendants.               )
     _____)

14

15          Before the court is plaintiff Tammy Vo's ("Vo") motion to remand filed on November 11,

16   2009. Doc. #5[1]. Defendants filed an opposition on November 20, 2009. Doc. #15. Thereafter, Vo

     filed a reply on November 29, 2009. Doc. #18.

17
            Also before the court is Vo's motion to stay filed on November 11, 2009. Doc. #6.
18
     **I.     Facts and Procedural History**
19
            On July 12, 2007, Vo purchased real property through a mortgage and note executed by
20
     defendant American Brokers Conduit. She eventually defaulted on her mortgage and defendants
21
     initiated foreclosure proceedings.
22
            Subsequently, on September 18, 2009, Vo filed a complaint in state court alleging fourteen
23
     separate causes of action against defendants. Doc. #1, Exhibit 2. Defendants removed the matter to
24
     federal court on federal question grounds. Doc. #1. Thereafter, Vo filed the present motion to
25

26
     _____

            [1] Refers to the court's docket entry number.

1    remand. Doc. #3.

2    **II.    Legal Standard**

3    Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

4    courts of the United States have original jurisdiction, may be removed by the defendant or the

5    defendants, to the district court of the United States for the district and division embracing the

6    place where such action is pending." 28 U.S.C. § 1441(a).

7    Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

8    § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

9    statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock

10    Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

11    (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

12    removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

13    *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

14    **III.    Discussion**

15    A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C.

16    § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that

17    federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a

18    substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust

19    for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

20    Here, Vo argues that there is no federal question because all of her claims are rooted in

21    either state law or common law. Thus, according to Vo, there are no federal causes of action

22    supporting removal.

23    However, federal question jurisdiction will lie over state law claims that implicate

24    significant federal issues. *Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308,

25    312 (2005). In her complaint, Vo repeatedly references the defendants' violations of federal laws

26

including defendants' concealment of information in violation of federal securities and banking laws. Further, her thirteenth cause of action for conspiracy directly references the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Home Ownership Protection Act. *See* Doc. #1, Exhibit 1.

Vo argues that these are "incidental" references to federal laws referred to only as a compilation to the state violations. *See* Doc. #17. However, the court finds that these references are not incidental; they are part of the requisite framework for her claims. Vo's conspiracy claim necessarily depends on the resolution of federal law because in order to have conspired to violate her rights defendants must have first violated the federal statutes at issue. Thus, on the face of the complaint, there are questions of federal law establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper because the state causes of action turned on the defendant's compliance with federal regulations).

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #5) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to stay pending the motion to remand (Doc. #6) is DENIED as moot.

IT IS SO ORDERED.

DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE