UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TAMMY VO, | ) | |
| Plaintiff, | ) | 3:09-cv-00654-LRH-VPC |
| v. | ) | ORDER |
| AMERICAN BROKERS CONDUIT; et al., | ) | |
| Defendants. | ) | |

Before the court is defendant Aurora Loan Services, LLC's ("Aurora") motion to dismiss filed on November 13, 2009, and defendant Quality Loan Servicing Corporation's ("QLS") motion to dismiss filed on January 21, 2010. Doc. ##11, 28.[1] Plaintiff Tammy Vo ("Vo") filed an opposition (Doc. #30) to which Aurora (Doc. #31) and QLS (Doc. #33) replied.

Also before the court is defendant Specialized Loan Servicing LLC's ("SLS") joinder to Aurora's motion to dismiss. Doc. #32.

**I.  Facts and Procedural History**

On July 12, 2007, Vo purchased real property through a mortgage and note executed by defendant American Brokers Conduit. She eventually defaulted on her mortgage and defendants initiated foreclosure proceedings.

---

[1] Refers to the court's docket entry number.

Subsequently, on September 18, 2009, Vo filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit A. Thereafter, defendants filed the present motions to dismiss all claims. Doc. ##11, 28.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #35. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #39. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 10 for civil conspiracy as it relates to remanded claims; (3) claim 11 for racketeering in violation of Nevada law as it relates to remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thus, the only claims at issue before the court concerning defendants' motions to dismiss are these remanded claims.

## II.     Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

## III.    Discussion

**Unfair Lending Practices in Violation of NRS 598D.100**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Defendants Aurora, QLS, and SLS are loan servicers who were not involved in the origination of Vo's mortgage loan. *See* Doc. #64. A loan servicer who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009).

3

Therefore, the court shall dismiss Vo's unfair lending practices claim as to moving defendants Aurora, QLS, and SLS.

**Civil Conspiracy**

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Vo fails to plead a claim for civil conspiracy with the required specificity. Vo never identifies how each individual defendant participated or joined the conspiracy. Further, Vo does not clearly identify the underlying tort that defendants committed. Vo merely alleges that her loan was one of many executed in violation of the Nevada state laws. Therefore, the court finds that Vo has failed to sufficiently plead a claim for civil conspiracy with the requisite specificity.

**Racketeering**

In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted. *Id*.

Here, Vo merely alleges that her loan was one of many executed in violation of the Nevada state laws. From the complaint, it is unclear what these violations were and, more importantly, what the two requisite "crimes" were. Therefore, the court finds that Vo has failed to sufficiently plead a claim for civil racketeering upon which relief can be granted.

**Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*

1 *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust
2 enrichment cannot stand when there is an express written contract which guides that activities of
3 the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
4 (Nev. 1997).

5       Here, there was a written contract between the parties, namely, the deed of trust and
6 mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
7 such, Vo cannot make a claim in equity for actions that are guided by contract she is a party to. *See*
8 *LeasePartners Corp.*, 942 P.2d at 187-88.

9 **Declaratory Relief and Permanent Injunction**
10       Vo's remaining causes of action for declaratory relief and permanent injunction are
11 remedies that may be afforded to a party after she has sufficiently established and proven her
12 claims; they are not separate causes of action. Here, Vo's remanded claims fail to establish a claim
13 for relief. Accordingly, Vo is not entitled to her requested remedies.
14 \\\
15 \\\
16 \\\
17 \\\
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26

1    IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #11) is GRANTED. Defendant Aurora Loan Services, LLC and joining defendant Specialized Loan Servicing, LLC are DISMISSED as defendants as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 10 for civil conspiracy; (3) claim 11 for racketeering; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory relief.

    IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #28) is GRANTED. Defendant Quality Loan Service Corporation is DISMISSED as a defendant as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 10 for civil conspiracy; (3) claim 11 for racketeering; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory relief.

    IT IS SO ORDERED.

    DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE