UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAMMY VO,

        Plaintiff,

v.

AMERICAN BROKERS CONDUIT; et al.,

        Defendants.

3:09-cv-00654-LRH-VPC

ORDER

Before the court is non-party Ceref Reo II, LLC's ("Ceref") motion to intervene filed on February 17, 2010. Doc. #34.[1] No party has filed an opposition to the motion.

**I.    Facts and Procedural History**

On July 12, 2007, Vo purchased real property through a mortgage and note executed by defendant American Brokers Conduit. She eventually defaulted on her mortgage and defendants initiated foreclosure proceedings.

Subsequently, on September 18, 2009, Vo filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair

---

[1] Refers to the court's docket number.

1 dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering;
2 (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic
3 Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit A.
4 Thereafter, non-party Ceref filed the present motion to intervene. Doc. #34.

**II.     Discussion**

Pursuant to the Federal Rules of Civil Procedure, a non-party may file a motion to intervene in any action in which it claims an interest to the property or transaction that is the subject of the underlying action. FED. R. CIV. P. 24(a)(2). Moreover, a court must grant the motion to intervene unless it is shown that the proposed intervenor is either already adequately represented in the action or does not have an interest in the property or transaction at issue. *Id.*

Here, Ceref has an interest in the Vo's property because it was named the beneficiary of the deed of trust and assigned an interest in the property by defendant First Centennial Title. Doc. #34, Exhibit A. Further, no party in interest has established that Ceref's rights are already adequately represented. Therefore, the court finds that Ceref has shown that it has a right to intervene in the present action and its motion shall be granted.

IT IS THEREFORE ORDERED that non-party proposed intervenor's motion to intervene (Doc. #34) is GRANTED. The clerk of court shall add Ceref REO II, LLC as a defendant-in-intervention.

IT IS FURTHER ORDERED that the clerk of court shall filed proposed intervenor's motion to dismiss attached as Exhibit B to the motion to intervene (Doc. #34, Exhibit B).

IT IS SO ORDERED.

DATED this 12th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE