UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAMMY VO,

    Plaintiff,

v.

AMERICAN BROKERS CONDUIT; et al.,

    Defendants.

3:09-cv-00654-LRH-VPC

ORDER

Before the court is intervening defendant Ceref Reo II, LLC's ("Ceref") motion to dismiss filed on August 13, 2010. Doc. #53.[1] Plaintiff Tammy Vo ("Vo") filed an opposition (Doc. #56) to which Ceref replied (Doc. #57).

**I.  Facts and Procedural History**

On July 12, 2007, Vo purchased real property through a mortgage and note executed by defendant American Brokers Conduit. She eventually defaulted on her mortgage and defendants initiated foreclosure proceedings.

Subsequently, on September 18, 2009, Vo filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful

---

[1] Refers to the court's docket entry number.

foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit A.

In late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #35. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #39. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 10 for civil conspiracy as it relates to remanded claims; (3) claim 11 for racketeering in violation of Nevada law as it relates to remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thus, the only claims at issue before the court concerning intervening defendant's motion to dismiss are these remanded claims.

**II.    Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court

1 does not necessarily assume the truth of legal conclusions merely because they are cast in the form
2 of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752,
3 754-55 (9th Cir. 1994).

4     There is a strong presumption against dismissing an action for failure to state a claim. *See*
5 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is
6 not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence
7 in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*
8 *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to
9 provide the grounds of his entitlement to relief requires more than labels, conclusions, and a
10 formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.
11 Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the
12 speculative level on the assumption that all the allegations in the complaint are true (even if
13 doubtful in fact)." *Id*. (internal citations omitted).

14 **III.  Discussion**

15     **A.  Unfair Lending Practices in Violation of NRS 598D.100**

16     NRS 598D.100 prohibits lenders from making loans "without determining, using
17 commercially reasonable means or mechanisms, that the borrower has the ability to repay the home
18 loan." NRS 598D.100(1)(b). Intervening defendant Ceref is a successor in interest to the original
19 lender and was not involved in the origination of Vo's mortgage loan. *See* Doc. #53. A party who
20 did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g.,*
21 *Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D.
22 Nev. 2009). Therefore, the court shall dismiss Vo's unfair lending practices claim.

23     **B.  Civil Conspiracy**

24     To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of
25 an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v.*

26

3

1  *Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular
2  specificity as to "the manner in which a defendant joined in the conspiracy and how he participated
3  in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

4  Here, Vo fails to plead a claim for civil conspiracy with the required specificity. Vo never
5  identifies how Ceref participated or joined the conspiracy. Further, Vo does not clearly identify the
6  underlying tort that Ceref committed. Vo merely alleges that her loan was one of many executed in
7  violation of the Nevada state laws. Therefore, the court finds that Vo has failed to sufficiently
8  plead a claim for civil conspiracy with the requisite specificity.

**C. Racketeering**

In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead
with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must
allege at least two predicate crimes related to racketeering in order to sufficiently plead a
racketeering claim upon which relief can be granted. *Id*.

Here, Vo merely alleges that her loan was one of many executed in violation of the Nevada
state laws. From the complaint, it is unclear what these violations were and, more importantly,
what the two requisite "crimes" were. Therefore, the court finds that Vo has failed to sufficiently
plead a claim for civil racketeering upon which relief can be granted.

**D. Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly
retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*
*Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust
enrichment cannot stand when there is an express written contract which guides that activities of
the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
(Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and

4

mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Vo cannot make a claim in equity for actions that are guided by contract she is a party to. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### E.  Declaratory Relief and Permanent Injunction

Vo's remaining causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after she has sufficiently established and proven her claims; they are not separate causes of action. Here, Vo's remanded claims fail to establish a claim for relief. Accordingly, Vo is not entitled to her requested remedies.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #53) is GRANTED. Defendant-in-intervention Ceref Reo II, LLC is DISMISSED as a defendant as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 10 for civil conspiracy; (3) claim 11 for racketeering; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory relief.

IT IS SO ORDERED.

DATED this 29th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE