UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAMMY VO,

        Plaintiff,

v.

AMERICAN BROKERS CONDUIT; et al.,

        Defendants.

3:09-cv-00654-LRH-VPC

ORDER

        Before the court is intervening defendant Ceref Reo II, LLC's ("Ceref") motion for attorney's fees. Doc. #77.[1] Plaintiff Tammy Vo ("Vo") filed an opposition (Doc. #78) to which Ceref replied (Doc. #80).

**I.    Facts and Procedural History**

        On July 12, 2007, Vo purchased real property through a mortgage and note executed by defendant American Brokers Conduit. Vo eventually defaulted on her mortgage and defendants initiated foreclosure proceedings.

        Subsequently, on September 18, 2009, Vo filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful

---

[1] Refers to the court's docket entry number.

1  foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair
2  dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering;
3  (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic
4  Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit A.
5        In late 2009, the United States Judicial Panel on Multi-District Litigation ("panel")
6  consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business
7  practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee
8  these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials.
9  *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.
10        On February 18, 2010, the panel issued a transfer order and consolidated the present action
11  with the MDL litigation. Doc. #35. However, as part of the transfer order, the panel transferred only
12  those claims that "relate to the formation and/or operation of MERS" and held that all other claims
13  "unrelated to the formation and/or operation of the MERS system are separately and simultaneously
14  remanded" to the district court in which they were first brought. *Id*.
15        On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #39. Pursuant to that
16  order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 10 for civil
17  conspiracy as it relates to remanded claims; (3) claim 11 for racketeering in violation of Nevada
18  law as it relates to remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive
19  relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it relates to the
20  remanded claims. *Id*.
21        Subsequently, Ceref filed a motion to dismiss the remanded claims (Doc. #53) which was
22  also granted by the court (Doc. #58). Thereafter, Ceref filed the present motion for an award of
23  attorney's fees. Doc. #77.
24  ///
25  ///
26

## II. Discussion

In its motion, Ceref argues that it is entitled to an award of attorney's fees because it is the prevailing party in this action. *See* Doc. #77. Specifically, Ceref argues that the mortgage note executed by Vo provides in pertinent part that the note holder has a right to recoup its costs and expenses, including attorney's fees, for enforcing its rights under the note. *See* Doc. #77, Exhibit 1, Section 7(E) ("If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses, include, for example, reasonable attorneys' fees.").

However, the underlying complaint was based on defendants' alleged failures to comply with various state laws in pursuing the non-judicial foreclosure, rather than intervening defendant Ceref's ability to enforce the note. Further, Ceref did not initiate the present action and was not a defendant until it intervened after it purchased the mortgage note from another defendant. Thus, the court finds that Ceref did not incur attorney's fees in "enforcing" the note. Lastly, there is no evidence before the court that Ceref required Vo to "pay immediately in full" the note as required by Section 7(E) to trigger the repayment of attorney's fees. Therefore, the court finds that Ceref is not entitled to attorney's fees.

IT IS THEREFORE ORDERED that defendant-in-intervention's motion for attorney's fees (Doc. #77) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE